UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-60968-CIV-COHN/WHITE
(Case No. 06-60292-CR-COHN)

SHERAN LAWRENCE,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent,

_____/

## AMENDED ORDER ADOPTING
## AMENDED REPORT OF MAGISTRATE JUDGE

**THIS CAUSE** is before the Court on the Amended Report of United States Magistrate Judge Patrick A. White [DE 14] ("Report") regarding Sheran Lawrence's Motion to Vacate Pursuant to 28 U.S.C. § 2255 [DE 1] ("Motion to Vacate"). Pursuant to 28 U.S.C. § 636(b)(1), the Court has conducted a *de novo* review of the record herein, including the Motion to Vacate, Ms. Lawrence's Memorandum of Law in Support of her Motion to Vacate [DE 4], the Government's Response [DE 7], Ms. Lawrence's Reply [DE 8], Judge White's Report, Ms. Lawrence's Notice of Objection in Opposition to the Magistrate Report [DE 19] ("Objections"), and is otherwise advised in the premises.

On June 8, 2010, Ms. Lawrence filed her Motion to Vacate, challenging the sentence she received after pleading guilty to conspiracy to commit bank fraud and identity theft in Case No. 06-60292-CR-COHN. DE 1. On January 20, 2011, Judge White filed his Report. DE 14. The Report stated that Ms. Lawrence could file

objections to the Report within fourteen days of receipt.  DE 14 at 9.  On February 14, 2011, Ms. Lawrence filed a Motion for Extension of Time to File Objections to the Magistrate's Report and Recommendations [DE 15].  The same day, the Court granted the extension, stating, "Ms. Lawrence shall file her Objections to Magistrate Judge Patrick A. White's Amended Report [DE 14] by no later than **March 1, 2011**."  DE 16 at 1.

On March 15, 2011, prior to receiving any objections, the Court issued an Order Adopting Amended Report of Magistrate Judge [DE 17].  Thereafter, on March 30, 2011, the Clerk of Court filed Ms. Lawrence's Objections.  See DE 19.  In her Objections, Ms. Lawrence notes that there was "some delay in the institutional mailing process," id. ¶ 2, and requests that the Court consider the Objections, id.  Further, handwriting on the Objections dates the document "3/1/11."  Id. at 4.  Therefore, the Court will consider the Objections.

Ms. Lawrence's Motion Vacate raises the following two claims: (1) ineffective assistance of counsel for her lawyer's failure to challenge the basis for her sentencing enhancement and failure to appeal the sentence; and (2) ineffective assistance of counsel for her appellate counsel's failure to raise the sentencing enhancement issue on appeal. DE 1.  The Motion to Vacate also requests an evidentiary hearing.  Id. Judge White's Report recommends that the Court deny both claims and deny the request for an evidentiary hearing.  See DE 14.  Ms. Lawrence now files two objections and again, requests an evidentiary hearing.  As discussed below, the Court finds both objections to be meritless.  Therefore, the Court will overrule the Objections and deny the request for a hearing.

In her first objection, Ms. Lawrence essentially reargues her first claim that her counsel's performance was deficient because he failed to contest a sentence enhancement based on Ms. Lawrence's role as a leader or organizer. DE 19 ¶ 4. Ms. Lawrence contends that her counsel was ineffective for failing "to address or object to the fact that the Court has fail[ed] to make a sufficiently specific finding or the record was not sufficiently clear to permit such an enhancement." Id. The Court agrees with Judge White that the record refutes this claim: "Counsel did challenge this enhancement. Counsel filed written objections to the enhancement. (CR-DE# 210). Counsel argued against the enhancement at the sentencing hearing. (CV-DE# 7-1). Counsel also argued that the movant's criminal history classification should be reduced and that the court should exercise its discretion under United States v. Booker, 543 U.S. 220 (2005)." DE 14 at 7. After Ms. Lawrence's counsel presented this argument, the Court, in its discretion, imposed a sentence at the bottom of the advisory guidelines as reflected in the PSI. Id. The instant objection presents no new arguments. Therefore, the Court will overrule the objection and deny claim one.

Second, Ms. Lawrence objects to Judge White's recommendation regarding her claim for ineffective assistance of counsel based on her appellate counsel's failure to argue against the sentencing enhancement. Judge White found that the record also refuted this claim. DE 14 at 8. The Report states:

> Appellate counsel raised the exact issue that the movant claims should have been raised. (CV-DE# 7-2). Counsel argued that the movant should not have received the enhancement as a leader or organizer. The Eleventh Circuit dismissed the movant's appeal upon motion of the government based upon a valid appeal waiver. (CR-DE# 309). Since appellate counsel did pursue this issue the movant cannot establish the deficient performance prong of Strickland.

DE 14 at 8.  Ms. Lawrence now claims that "counsel fail[ed] to adequately challenge the waiver knowing that movant did not knowingly and willfully waive her rights."  DE 19 at 5.  However, as Judge White stated, the plea agreement Ms. Lawrence signed did contain a valid waiver of appellate rights.  DE 14 at 8.  Hence, Ms. Lawrence's argument must fail.  Further, the waiver in Ms. Lawrence's plea agreement precluded an appeal "unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure from the guideline range that the court establishes at sentencing."  Id.  Neither Ms. Lawrence's initial claim nor her objection raises either ground under which she could have appealed.  Therefore, the Court will overrule the objection and deny claim two.

Finally, Ms. Lawrence again requests an evidentiary hearing, but does not provide any new basis for this request.  As Judge White stated, "A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations or affirmatively contradicted by the record."  DE 17 at 9 (citing Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) and Guerra v. United States, 588 F.2d 519, 520-21 (5th Cir. 1979)).  The Court agrees with Judge White that Ms. Lawrence's claims are without merit.  Therefore, the request for a hearing is denied.

Accordingly, based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Ms. Lawrence's Notice of Objection in Opposition to the Magistrate Report [DE 19] is **OVERRULED**;

2. The Amended Report of United States Magistrate Judge Patrick A. White [DE 14] **ADOPTED**;

3. Ms. Lawrence's Motion to Vacate Pursuant to 28 U.S.C. § 2255 [DE 1] is **DENIED with prejudice**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 1st day of April, 2011.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF

Sheran Lawrence, *pro se*
Reg. No. 77123-004
FCI - Tallahassee
Federal Correctional Institution
Inmate Mail/Parcels
501 Capital Circle, NE
Tallahassee, FL 32301